UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES--GENERAL

Case No.: CV 09-3990-SVW(CTx)                    Date: September 22, 2009

Title:     ALICIA BAY LAUREL v. ALLSTATE INSURANCE CO., et al.
=================================================================
DOCKET ENTRY:
=================================================================
PRESENT:      Hon. CAROLYN TURCHIN, MAGISTRATE JUDGE

              Deborah Malone
              Deputy Clerk                    Court Reporter

   ATTORNEYS PRESENT FOR PLAINTIFFS:
              None present                ATTORNEYS PRESENT FOR DEFENDANTS:
                                                   None present

PROCEEDINGS:   (DENYING PARTIES' REQUEST TO SIGN STIPULATED
               PROTECTIVE ORDER WITHOUT PREJUDICE)

   The parties' request to sign a stipulated protective order has been referred to the magistrate judge. The request is **DENIED WITHOUT PREJUDICE** as set forth below. The parties should take the following into consideration before submitting a proposed protective order to the court:

1.   Confidential material should be narrowly and specifically defined and supported by good cause. See Fed. R. Civ. P. 26(c); Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003)("[a] party asserting good cause bears the burden, *for each particular document* it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted")(citations omitted)(emphasis added); see also Seattle Times v. Rhinehart, 467 U.S. 20, 37 (1984)(protective order does not offend the first amendment where it is "*entered on a showing of good cause as required by Rule 26(c)*, is limited to the context of pretrial civil discovery, and does not restrict the dissemination of the information if gained from other sources")(emphasis added).

   So that it is clear to the court and any party or nonparty seeking to challenge the confidential designation of any document covered by a protective order, the parties should identify the specific documents, categories of documents, or portions of documents to be deemed confidential in a meaningful fashion <u>and</u> indicate what prejudice or harm will result if no protection is granted for those particular documents or information. The stipulated protective order submitted to the court is not sufficient. (See, e.g., Stipulated Protective Order, "Stip.", at Introduction, ¶¶ 1, 2.) In addition, in proposing or agreeing to the protection of "trade secrets," (see Stip. at Introduction), the definition for that terms in California Civil Code § 3426.1 should be incorporated into the

protective order, either by reference or by quotation.

2. A proposed protective order submitted to the magistrate judge should be limited to the discovery stage. (See, e.g., Stip. ¶¶ 4(a), 15.) If the parties wish to have a broader protective order that covers matters beyond discovery, they may submit their request to the district judge, which it appears the parties may have been attempting to do. (See Stip. p. 9 signature line.) If the parties wish to submit a broader order to the district judge, the magistrate judge suggests they clearly state in the caption that the request *is not limited to discovery and is for consideration by the district judge* so the request will not be routed to the magistrate judge.

3. In general, once a case proceeds to trial, all information designated confidential and/or kept and maintained pursuant to the terms of a protective order will be presumptively available to the public, including the press, unless an appropriate showing is made to the district judge in advance of the trial to proceed otherwise.

4. A designation of materials as confidential under a protective order does not entitle the parties to have those materials filed under seal. (See, e.g., Stip. ¶ 20.) Any application to file materials under seal must comply with Local Rule 79-5, should seek to file under seal only those portions of the materials that are confidential, should be supported by the appropriate showing, see Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178-81 (9th Cir. 2006), and should be made to the judicial officer presiding over the proceedings in question. In other words, a request to file materials under seal in proceedings before the district judge should be made to the district judge.

   Furthermore, the Local Rules already provide procedures for court personnel to handle material filed under seal. (See Stip. ¶ 21.)

5. All discovery disputes, including those that concern a protective order sought from the magistrate judge, shall be conducted pursuant to Local Rule 37. (See Stip. ¶¶ 20, 22.) Accordingly, any discovery motion concerning, for example, the proper designation of confidential material, a request for exemption from the stipulated order, or a request to file documents under seal in connection with a discovery matter should be filed in compliance with the procedures in Local Rule 37. The party seeking to maintain the confidentiality of the materials at issue has the burden of proof, and a proposed order may not shift that burden. See Foltz, 331 F.3d at 1130.

   The parties may agree to keep documents confidential, but without a specific showing of good cause, the court will not enter an order preventing others from obtaining access to the documents. The

parties should consider whether some or all of the materials at issue can be exchanged in redacted form (e.g., by deleting confidential or proprietary information) or **whether they can enter into a confidentiality agreement among themselves, obviating the need for a protective order from the court.**

**IT IS SO ORDERED.**

cc:   Judge Wilson

     Neil R. Anapol, Esq.
     Law Offices of Neil R. Anapol
     2550 Hollywood Way Suite 202
     Burbank, CA 91505

     Deborah A. Berthel, Esq.
     Gregory M. MacGregor, Esq.
     Joshua N. Willis, Esq.
     MacGregor and Berthel
     21700 Oxnard Street, Suite 1590
     Woodland Hills, CA 91367

**MINUTES FORM 11**　　　　　　　　　　　　　　　　　　**Initials of Deputy Clerk**_____
**CIVIL-GEN**